UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MELVIN CANADY,

    Petitioner,

v.                                                    CASE NO. 8:12-CV-2833-T-27TGW
                                                    CRIM. CASE NO. 8:10-CR-297-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Before the Court are Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) and memorandum of law in support of the motion (CV Dkt. 2), the government's response in opposition (CV Dkt. 7), and Petitioner's reply (CV Dkt. 8). Upon consideration, Petitioner's motion is DENIED *in part*. An evidentiary hearing is necessary with respect to Petitioner's claims of ineffective assistance of counsel raised in Grounds Two and Three of his motion.

### Procedural Background

Petitioner was charged by Indictment with distribution of a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and 18 U.S.C. § 2 (CR Dkt. 1). Following a jury trial, Petitioner was found guilty as charged (CR Dkt. 116).[1] On August 16, 2011, Petitioner was sentenced to 216 months imprisonment to be followed by six years of

---

[1] Petitioner was represented by Attorney Cory L. Chandler ("Chandler") at trial and the hearing on Petitioner's motion to suppress,(CR Dkts. 167, 173).

supervised release (CR Dkts. 159, 160).[2] On May 25, 2012, Petitioner's conviction was affirmed on appeal (CR Dkt. 178); *United States v. Canady*, 478 Fed. Appx. 601 (11th Cir. 2012).

Petitioner Section 2255 motion presents the following claims:

Ground One: Counsel was ineffective in failing to: a) object to an inadmissible telephone conversation between co-defendant Carlos Green and law enforcement, and the introduction of Green's plea agreement at trial; and b) adequately demonstrate that Petitioner involuntary waived his *Miranda* rights;

Ground Two: Petitioner would have accepted the government's plea offer but for counsel misadvising him that: a) he could not be convicted at trial because Green had already been convicted of the offense, and Petitioner's fingerprints were not on the drugs; and b) the § 851 enhancement the government was seeking did not subject Petitioner to a minimum mandatory sentence;

Ground Three: Counsel was ineffective in failing to investigate defense witnesses;

Ground Four: Counsel was ineffective during sentencing in failing to object to the use of his prior drug convictions as predicate offenses for career offender purposes;

Ground Five: The conviction was obtained as a result of the prosecutor's knowing use of perjured testimony.

### Standard of Review for Ineffective Assistance of Counsel

*Strickland v. Washington*, 466 U.S. 668 (1984), governs Petitioner's ineffective assistance of counsel claims:

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result

---

[2]Petitioner was represented by Attorney Daniel M. Hernandez ("Hernandez") at the sentencing hearing (CR Dkt. 194).

2

is reliable. *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland v. Washington*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims v. Singletary*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id. Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*.

## Discussion

**Ground One**

Petitioner contends that Chandler was ineffective in failing to: (1) object to an inadmissible telephone conversation between co-defendant Carlos Green and law enforcement; (2) object to the introduction of Green's plea agreement at trial; and (3) challenge and present evidence of Petitioner's involuntary waiver of his *Miranda* rights.

A. Failure to object to telephone conversation

During trial, Detective Catlin testified, in pertinent part, that on May 8, 2009, he made a telephone call to Green to arrange a drug deal (CR Dkt. 167 at pp. 68-77). Detective Catlin recorded

the telephone conversation, which was entered into evidence then published to the jury (Id. at pp. 72-77). Chandler did not object to the testimony or admission of the recording (Id. at p. 72).

Petitioner first contends that Chandler was ineffective in failing to object on the ground that the evidence of the telephone conversation between Green and Detective Catlin was inadmissible under Rule 404(b), Fed.R.Evid., since the government did not provide notice of its intention to use the evidence as required under Rule 404(b).[3] Petitioner's contention fails because the evidence was not 404(b) evidence of prior bad acts used to prove either Petitioner's character or his motive, opportunity, intent, etc. Rather, it was direct evidence of the May 8, 2009 drug transaction, the crime for which Petitioner was charged. Therefore, the evidence was admissible direct evidence of the charged crime, not prior bad acts evidence subject to Rule 404(b)'s limitations. Consequently, Petitioner has failed to show that counsel rendered deficient performance in failing to object to the evidence on Rule 404(b) grounds.

---

[3]Rule 404(b) provides:

Crimes, Wrongs, or Other Acts.

(1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:

(A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and

(B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed Rules Evid R 404.

Petitioner next argues that counsel was ineffective in failing to object to the evidence on the ground that it was inadmissible under 18 U.S.C. § 2515, which provides:

> Whenever any wire or oral communication has been intercepted, no part of the contents of such communication and no evidence derived therefrom may be received in evidence in any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, legislative committee, or other authority of the United States, a State, or a political subdivision thereof if the disclosure of that information would be in violation of this chapter [18 USCS §§ 2510 et seq.].

Under 18 U.S.C. § 2518(10)(a), only an "aggrieved person" may move to suppress unlawful interceptions. An "aggrieved person" is defined as "a party to any intercepted wire or oral communication or a person against whom the interception was directed." 18 U.S.C. § 2510(11).

Petitioner was not an aggrieved person because he was not a party to the telephone conversation between Green and Detective Catlin. Petitioner therefore lacked standing to challenge the recording of the conversation. *See Alderman v. United States*, 394 U.S. 165, 172 (1969); *United States v. Juarez*, 573 F.2d 267, 276 (5th Cir. 1978) (defendants lacked standing to object to tape recording of conversations because they had "no legitimate expectation of privacy either through participation in the conversation or through a possessory interest in the tapes[.]") (quoting *United States v. Ransom*, 515 F.2d 885, 889 (5th Cir. 1975), *cert. denied*, 424 U.S. 944 (1976)). Consequently, Petitioner has failed to show that counsel rendered deficient performance in failing to object to the recording of the telephone conversation pursuant to 18 U.S.C. § 2515.

Finally, Petitioner contends that counsel was ineffective in failing to object to the admission of the recording of the telephone conversation between Green and Detective Catlin on the basis that it violated Petitioner's right to confront the witnesses testifying against him under the Sixth

Amendment.[4] The Confrontation Clause of the Sixth Amendment bars admission of "testimonial statements" of a witness who does not appear at trial unless he is unavailable to testify, and the defendant has had a prior opportunity for cross-examination. *Davis v. Washington*, 547 U.S. 813, 821 (2006) (citing *Crawford v. Washington*, 541 U. S. 36, 53-54 (2004)).

Green's statements to Detective Catlin during the recorded telephone conversation were not "testimonial statements", and therefore not subject to the Confrontation Clause. *See United States v. Underwood*, 446 F.3d 1340, 1347 (11th Cir. 2006) (holding that where the challenged evidence was a recorded statement between a confidential informant and a co-conspirator regarding the purchase of cocaine, the evidence was not testimonial). Therefore, admission of the recording of the telephone conversation did not violate Petitioner's rights under the Confrontation Clause. Consequently, Petitioner has failed to show that counsel rendered deficient performance in failing to object to admission of the recording of the telephone conversation as a violation of the Confrontation Clause. Moreover, Petitioner has failed to demonstrate prejudice because in light of the strong eyewitness testimony implicating Petitioner in the drug transaction, admission of the telephone conversation was harmless beyond a reasonable doubt. *See United States v. Edwards*, 211 F.3d 1355, 1359 (11th Cir. 2000) (stating that the harmless error doctrine applies to violations of the Confrontation Clause).

B. Failure to object to introduction of Green's plea agreement

Petitioner contends that counsel was ineffective in failing to object to the government introducing Green's plea agreement at trial and during jury deliberations. Respondent asserts that counsel did not render deficient performance because "<u>Green's plea agreement was never admitted</u>

---

[4]Although Detective Catlin testified during Petitioner's trial, Green did not.

at trial." (CV Dkt. 7 at p. 9) (emphasis in original). Respondent is correct; Green's plea agreement was not admitted during trial or given to the jury (see CR Dkts. 117, 167).[5] Petitioner therefore has failed to demonstrate either deficient performance or prejudice.

C. Failure to object and present evidence of involuntary waiver of *Miranda* rights

In his memorandum in support of his § 2255 motion, Petitioner contends that law enforcement failed to advise him of his *Miranda* rights, and Chandler was ineffective in "failing to object and present evidence of the involuntary, unknowing, and unintelligent waiver of Miranda rights." (CV Dkt. 2 at p. 6). In his reply, Petitioner contends that "Chandler was ineffective during [Petitioner's] suppression hearing for failing to present evidence of the involuntary, unknowing and unintelligent waiver of his Miranda rights." (CV Dkt. 8 at p. 6). Specifically, Petitioner appears to contend that Chandler was ineffective in failing to present evidence that Petitioner never was advised of his *Miranda* rights (Id. at p. 7).

To the extent Petitioner contends that Chandler was ineffective in failing to challenge the statements he made to law enforcement while in custody, the contention is belied by the record. Prior to trial, Chandler filed a Motion to Suppress (CR Dkt. 73) and an Amended Motion to Suppress (CR Dkt. 87) the statements Petitioner made to law enforcement on the ground that the statements were made "prior to law enforcement advising him of his *Miranda* rights." (CR Dkt. 87 at p. 1-2, ¶ 3). During the hearing on the motion to suppress, Chandler presented evidence in support of the motion (CR Dkt. 173). Therefore, the record establishes that Chandler challenged the statements

---

[5] During trial, the government admitted photographs of the gas station where the drug transaction occurred, the crack cocaine obtained during the transaction, and the audio recording of the telephone conversation between Green and Detective Catlin (Id.). To the extent Petitioner argues that the record establishes that Green's plea agreement was admitted into evidence and given to the jury because the agreement was listed on the government's Exhibit List (see CV Dkt. 8 at p. 6), the argument fails. The government listing the plea agreement on its Exhibit List does not establish that it was admitted into evidence or provided to the jury during deliberations.

on the ground that law enforcement violated Petitioner's *Miranda* rights.

To the extent Petitioner contends that Chandler was ineffective during the suppression hearing in failing to present evidence that Petitioner never was advised of his *Miranda* rights, the contention is vague, conclusory, and self-serving. Petitioner neither alleges that he informed Chandler that law enforcement never advised him of his *Miranda* rights, nor identifies the evidence Chandler could have presented to show that he never was advised of his *Miranda* rights. Moreover, during the suppression hearing, Petitioner admitted that Detective Sanchez advised him of his *Miranda* rights, albeit 40 minutes to an hour after Petitioner made his statements (CR Dkt. 173 at pp. 83-84). Petitioner's claim will therefore be denied as vague and conclusory and because it is belied by Petitioner's own testimony during the motion to suppress hearing. *See Hill v. Lockhart*, 474 U.S. 52 (1985) (conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim).

Accordingly, Petitioner is not entitled to relief pursuant to Ground One.

**Ground Two**

Petitioner asserts that the government offered him "a plea-deal in which [the government was] willing to withdraw the § 851 enhancement in exchange for [Petitioner entering a plea] of guilty to count three of [the] [I]ndictment." (CV Dkt. 2-1 - Petitioner's affidavit, p. 1). He contends that he would have accepted the government's plea offer rather than proceeding to trial but for Chandler's misadvice that: 1) he could not be found guilty at trial because Green had already pleaded guilty to the offense, and Petitioner's fingerprints were not on the drug evidence; and 2) "even with the withdrawal of the § 851 enhancement, he would still be subjected to the same or similar amount of

[prison] time because the § 851 did not impose a mandatory minimum sentence on his offense." (CV Dkt. 2 at pp. 7-8).

"*Strickland*'s two-part inquiry applies to ineffective assistance of counsel arising out of the plea process." *Osley v. United States*, 751 F.3d 1214, 1222 (11th Cir. 2014).[6] To establish prejudice arising out of the plea process, Petitioner "must show a reasonable probability that but for counsel's ineffectiveness: (1) the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances); (2) the court would have accepted its terms; and (3) the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Id.* at 1222 (internal quotations omitted) (citing *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012); *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012)).

Chandler's affidavit indicates, in pertinent part, that he secured a plea agreement that included a two-level reduction for a minor role in the offense (CV Dkt. 7-4 at p. 2, ¶ 7). Additionally, Chandler avers that the government was willing to consider withdrawing the § 851 enhancement if Petitioner provided a proffer of his willingness to cooperate with the government (Id.). According to Chandler, Petitioner did provide a proffer (Id. at ¶¶ 7, 8). Although Chandler indicates that Petitioner "would not accept a plea unless the AUSA made a firm offer of a set amount of time to be served in the Bureau of Prisons[]" (Id. at ¶ 8), Petitioner indicates that he would have accepted the plea offer had counsel not misadvised him that he could not be found guilty at trial, and

---

[6] If, as Petitioner alleges, Chandler misadvised Petitioner that he could not be found guilty if he proceeded to trial because Green already pleaded guilty to the charge and Petitioner's fingerprints were not discovered on the drugs, then the misadvice constituted deficient performance. *See, e.g., Bauder v. Dep't of Corr. State of Florida*, 619 F.3d 1272, 1274-75 (11th Cir. 2010) (counsel's affirmative misadvice can constitute deficient performance); *Dando v. Yukins*, 461 F.3d 791, 798-99 (6th Cir. 2006) (finding an attorney rendered deficient performance when he provided advice that was "flatly incorrect").

9

the § 851 enhancement would have no effect on his sentence (CV Dkt. 2-1 at pp. 1-2). Petitioner has therefore alleged facts showing a reasonable probability that the plea offer would have been presented to the Court.

Moreover, the record is not sufficiently developed to make a determination whether the Court would have accepted the terms of the plea offer, and whether Petitioner's sentence would have been less severe than the sentence that was imposed.[7]

Because Petitioner has alleged facts that, if true, would entitle him to relief, he is entitled to an evidentiary hearing on this ineffective assistance of counsel claim. *See Aron v. United States*, 291 F.3d 708, 714-715 (11th Cir. 2002) ("[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim.") (citations and internal quotation omitted).

**Ground Three**

Petitioner contends that Chandler was ineffective in failing to investigate defense witnesses. Specifically, Petitioner asserts that counsel failed to interview Green to determine whether he had testimony that would "aid in [Petitioner's] defense," and Shane Anthony, Terrance Taylor, Sammie Wallace, and Jose Mendoza to establish that Petitioner never had prior drug dealings with them. In support of this claim, Petitioner provided an affidavit from Green in which Green attests that Petitioner had nothing to do with the drug transaction, and merely provided Green transportation to the store where the drug transaction occurred (CV Dkt. 2-1, Exhibit B - Affidavit of Green). Petitioner also provided affidavits from Anthony, Taylor, and Wallace in which they indicate that

---

[7] In his reply, Petitioner asserts that if he had accepted the government's plea, his sentencing range would have been 130 to 162 months (CV Dkt. 8 at p. 10), significantly less than his 216-month sentence. Nothing in the record refutes his contention that had he accepted the plea offer, his sentence would have been less severe.

10

they never sold drugs to Petitioner (Id. at Exhibit C - Affidavits of Anthony, Taylor, Wallace).

In response, the government provided Chandler's affidavit which indicates, in pertinent part, that he does not recall Petitioner asking him to interview Anthony, Taylor, Wallace, and Mendoza (CV Dkt. 7-4 at p. 2, ¶ 13).[8] Chandler admits that he did not attempt to interview these witnesses (CV Dkt. 7-4 at p. 2, ¶ 14). Chandler further asserts that he attempted to interview Green, but Green's counsel would not make Green available for an interview (Id. at ¶¶ 10-12).[9]

After examining the affidavits attached to Petitioner's memorandum of law and the trial transcript, this Court cannot conclusively conclude that counsel's failure to pursue the potential witnesses and call them at trial did not prejudice Petitioner's defense.[10] Petitioner is therefore entitled to an evidentiary hearing on this ineffective assistance of counsel claim.

**Ground Four**

Petitioner was sentenced as a career offender[11] because he had two prior felony convictions for controlled substance offenses, namely, a 2001 conviction for possession of cocaine with intent

---

[8] Petitioner attests that he instructed counsel to interview these witnesses (CV Dkt. 2-1, Exhibit A - Affidavit of Petitioner at p. 2).

[9] The record is not sufficiently developed concerning whether Green would have willingly testified on Petitioner's behalf, or could have been compelled to testify at the time of Petitioner's trial.

[10] Anthony, Taylor, and Wallace's testimony may have cast doubt upon Detective Sanchez's testimony that Petitioner told him that he purchased drugs from them on prior occasions. Green's testimony may have supported Petitioner's defense that he merely gave Green a ride to the gas station, and had no knowledge of the drug transaction.

[11] Section 4B1.1 of the Sentencing Guidelines provides, in pertinent part, that:

(a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a).

to sell or deliver and delivery of cocaine, and a 2006 conviction for possession of cocaine with intent to sell or deliver (PSR at pp. 6-7, ¶ 28; CR Dkt. 194 at p. 8). Petitioner contends that Hernandez rendered ineffective assistance during sentencing in failing to object to the Court using Petitioner's 2001 and 2006 convictions to support his career offender classification. In support of his contention, he argues that his 2006 conviction did not qualify as a predicate offense under U.S.S.G. § 4B1.1 because it was not a "prior felony conviction," since he received a suspended sentence of 18-months probation rather than one year or more in prison, and his probation was terminated after only 8 months. He further argues that his 2001 conviction did not qualify as a predicate offense because the statute under which he was convicted, Florida Statutes, Section 893.13, is facially unconstitutional.

Petitioner's arguments are without merit. His 2006 conviction was a second degree felony under Florida law punishable by a maximum sentence of 15 years imprisonment. See Fla. Stat., §§ 893.13(1)(a)1.A, 893.03(2)(a)4, and 775.082(3)(c). Because the 2006 prior conviction was "punishable" by a prison term of up to 15 years, it qualified as a "prior violent felony" under the Sentencing Guidelines, regardless of the actual sentence imposed and served, and whether the sentence was suspended.[12] See U.S.S.G. § 4B1.2 comment (n.1.) ("'Prior felony conviction' means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony *and regardless of the actual sentence imposed.*") (emphasis added); *United States v. Hinton*, 100 Fed. Appx. 595 (8th Cir. 2004) (unpublished) ("The convictions Mr. Hinton challenges qualify him

---

[12] The Judgment and Sentence in Petitioner's 2006 case indicates that Petitioner was sentenced to 18-months probation (CV Dkt. 7-6 at p. 2). Nothing in the record supports Petitioner's contention that he received a suspended sentence and probation.

12

for career-offender status regardless whether the sentences were suspended or served. . . .") (citations omitted); *United States v. Rasool*, 2008 U.S. App. LEXIS 14684, at *3 (8th Cir. July 9, 2008) (concluding that the district court did not plainly err in its Guidelines calculations, "including the section 4B1.1 career-offender enhancement based in part on Rasool's 1996 Arkansas drug conviction, and that the section 4B1.1 enhancement was proper notwithstanding the fact that his conviction resulted in a suspended sentence."); *United States v. Camara*, 81 Fed. Appx. 135, 136 (9th Cir. 2003) (unpublished) ("The [district] court was not precluded from classifying [defendant] as a career offender just because his sentence of confinement [on a prior controlled substance offense conviction] was suspended and he was civilly committed to a narcotics treatment program."). The 2006 conviction was therefore properly counted as a qualifying conviction under the career offender Guideline.

His 2001 drug conviction likewise was a qualifying conviction under the Guideline. Petitioner argues that his 2001 conviction does not qualify as a predicate offense because it was obtained under Florida Statute § 893.13, which was declared unconstitutional in *Shelton v. Sec'y, Dept. of Corr.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011). The district court's opinion in *Shelton*, however, was reversed by the Eleventh Circuit Court of Appeals. *Shelton v. Sec'y, Dept. of Corr.*, 691 F.3d 1348, 1355 (11th Cir. 2012).[13] Moreover, even if § 893.13 is unconstitutional, Petitioner must first obtain relief from the 2001 conviction in state court before this Court can grant him relief pursuant to this claim. *See Stewart v. United States*, 646 F.3d 856, 864 (11th Cir. 2011) ("[T]he time for challenging a federal sentence based on a faulty state conviction is only after that conviction has been vacated.").

---

[13]The Eleventh Circuit declined to issue an opinion on the constitutionality of §893.13.

Because the 2001 and 2006 convictions were qualifying offenses under the career offender Guideline, Petitioner was properly sentenced as a career offender. Petitioner therefore has failed to demonstrate that Hernandez was ineffective in failing to challenge the career offender enhancement at sentencing. Accordingly, Ground Four does not warrant relief.

**Ground Five**

In his memorandum of law, Petitioner contends that his conviction was obtained by the government's knowing use of perjured testimony at trial (CV Dkt. 2 at pp. 17-18). Specifically, he claims that the government presented testimony indicating that there were audio recordings that involved Petitioner, and that government counsel offered testimony through officers Sanchez and Gergel suggesting that Petitioner was present during those recordings (Id. at p. 18). In his reply, Petitioner appears to change his claim to one that the government committed "misconduct" by introducing inadmissible evidence, namely, the recording of the telephone conversation between Green and Detective Catlin (CV Dkt. 8 at p. 19).

As an initial matter, because this issue was available to Petitioner during direct appeal, but was not raised, it is procedurally defaulted (see CV Dkt. 7-1 - Initial Brief of Appellant Melvin Canady). *See Bousley v. United States*, 523 U.S. 614, 622-24 (1998) (claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review). Petitioner has not alleged, let alone demonstrated, cause for the default, or that he is actually innocent of the crime of conviction. *See Bousley*, 523 U.S. at 622.

Even if the claim was not procedurally defaulted, it would fail on the merits. "Since its decisions in *Napue v. Illinois*, 360 U.S. 264 (1959), and *Giglio v. United States*, 405 U.S. 150 (1972), the Supreme Court has consistently held that a conviction obtained by the knowing use of

perjured testimony is fundamentally unfair. . . ." *Boyd v. Allen*, 592 F.3d 1274, 1307 (11th Cir. 2010) (quoting *Ventura v. Att'y Gen., Fla.*, 419 F.3d 1269, 1278 (11th Cir. 2005)). A *Giglio* error occurs when "undisclosed evidence demonstrates that the prosecution's case included perjured testimony and that the prosecution knew, or should have known, of the perjury." *Ventura*, 419 F.3d at 1276 (citing *United States v. Agurs*, 427 U.S. 97 (1976)). "In order to prevail on a *Giglio* claim, a petitioner must establish that the prosecutor knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony, and that the falsehood was material." *Tompkins v. Moore*, 193 F.3d 1327, 1339 (11th Cir. 1999). A falsehood is deemed "material" if there is any reasonable likelihood that the false testimony could have affected the judgment of the jury. *United States v. Alzate*, 47 F.3d 1103, 1110 (11th Cir. 1995).

Petitioner asserts that the government "presented testimony and evidence indicating that there was [sic] audio recordings that involved Canaday." (CV Dkt. 2 at p. 18). Petitioner does not, however, identify the "testimony and evidence" which he claims indicated that he was present during a recorded telephone conversation. To the extent he implicitly contends that Detectives Sanchez and Gergel testified that Petitioner was present during a recorded telephone conversation (id.), the contention is belied by the record. The record simply does not reveal any evidence or testimony indicating or implying that Petitioner was present during the recorded telephone conversation between Green and Detective Catlin (see CR Dkt. 167). Petitioner therefore has failed to show that the government presented false or misleading testimony.

Finally, to the extent Petitioner contends that the government committed misconduct because it presented inadmissible evidence, namely, the recording of the telephone conversation between Green and Detective Catlin, the contention is without merit. As discussed in Ground One above, the

recording was admissible evidence.

Ground Five therefore does not warrant relief.

Accordingly, it is **ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DENIED** as to Grounds One, Four, and Five. An evidentiary hearing on Grounds Two and Three will be scheduled by separate order.

**DONE** and **ORDERED** in Tampa, Florida on _OCTOBER 1st_, 2014.

                                                 JAMES D. WHITTEMORE
                                                 United States District Judge

SA:sfc
<u>Copy furnished to</u>:
*Pro Se* Petitioner
Counsel of Record